IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRIENDLY HOTEL BOUTIQUE CORPORATION,<br><br>**Plaintiff**<br><br>v.<br><br>ME&A CAPITAL, LLC, *et al.*,<br><br>**Defendants.** | **CIVIL NO.** 11-1709 (JAG) |

**OPINION & ORDER**

Garcia-Gregory, D.J.

Pending before the Court is Equity Mortgage Corporation's ("Co-Defendant") motion to dismiss Friendly Hotel Boutique Corporation's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6). (See Docket No. 12). After reviewing Plaintiff's opposition to Defendant's motion and for the reasons outlined below, the motion to dismiss is hereby GRANTED.

**BACKGROUND**

Plaintiff filed a complaint on July 21, 2011 alleging that Deon Walker and the following companies and corporations ME&A Capital, LLC, Dellovo Capital Corporation, International Lending Group, LLC and Equity Mortgage Corporation, ("Defendants") were participants of a conspiracy and fraud scheme in violation of 18

CIVIL NO. 11-1709 (JAG)                                                      2

U.S.C. §§ 1961-1968, also known as the Racketeering Influenced and Corrupt Organization ("RICO") Act. (See Docket No. 1).

In summary, the complaint alleges that Defendants conspired in order to defraud Plaintiff in the financing of Plaintiff's hotel project. Plaintiffs allege that the fraud resulted in damages, loss of profits and loss of the appreciation in value of the business and the equity in the real estate comprised by the hotel project. Id.

After various motions filed by both parties and various court orders, one of the Defendants, Equity Mortgage Corporation ("Equity") filed a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). (See Docket No. 12). Equity attached to said motion an unsworn declaration issued by its President as support for its statements, stating that Equity never did business with the other Defendants. Plaintiff timely filed its opposition. (See Docket No. 17).

The complaint asserts that "[o]n March 25, 2010, Equity Mortgage issued a Preliminary Commitment Letter to Friendly Hotel, stating that the financing for the project, totaling $6,965,880 would be obtained through defendant Dellovo Corporation or its corporate investors." (See Docket No. 1, ¶ 18). This referral is the only direct link that the complaint establishes between Equity and Dellovo Capital Corporation ("Dellovo"). Plaintiff also alleges that Equity made certain

CIVIL NO. 11-1709 (JAG)                                                    3

false representations to them regarding the other Defendants. In
any event, the issue at hand is whether a plausible RICO
violation may be inferred from Equity's actions.


### Standard of Review under Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss an
action for failure to state a claim upon which relief can be
granted. To overcome a Rule 12(b)(6) motion, the complaint must
plead sufficient facts "to state a claim to relief that is
plausible on its face." See Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662
(2009).

In Ocasio-Hernández v. Fortuño Burset, 640 F.3d 1 (1st Cir.
2011), the First Circuit distilled from Twombly and Iqbal a two-
pronged test designed to measure the sufficiency of a complaint.
First, the reviewing court must identify and disregard
"statements in the complaint that merely offer legal conclusions
couched as fact, or threadbare recitals of the elements of a
cause of action." Ocasio-Hernández, 640 F.3d at 12 (internal
punctuation omitted). In this analysis, the remaining non-
conclusory factual allegations must be taken as true, even if
they are "seemingly incredible," or that "actual proof of those
facts is improbable." Id. Finally, the court assesses whether

the facts taken as a whole "state a plausible, not merely a conceivable, case for relief." Id.

In conducting this test, a court must not attempt to forecast the likelihood of success even if recovery is remote and unlikely. Ocasio-Hernández, 640 F.3d at 12. Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the Court to draw from the facts alleged in the complaint." Id. at 13.

## DISCUSSION

In its motion to dismiss, Equity argues that it was not part of the enterprise that perpetrated the alleged fraud on Plaintiff. Because the Court finds this argument compelling, it declines to address the rest of Defendant's motion. We start with the basics.

In order to state a RICO violation, the plaintiff must allege (1) that defendants are a "person", within the scope of the statute, (2) that they have utilized a "pattern of racketeering activity" or the proceeds thereof, (3) to infiltrate an interstate "enterprise" (4) by (a) investing the income derived from the pattern of racketeering activity in the enterprise, (b) acquiring or maintaining an interest in the enterprise through the pattern of racketeering activity, (c) conducting the affairs of the enterprise through the pattern of

racketeering activity, or (d) conspiring to commit any of the above acts. <u>See</u> 18 U.S.C. § 1962.

A RICO plaintiff must allege the existence of an enterprise. This "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." <u>See</u> 18 U.S.C. § 1961(4). Furthermore, § 1962(c) makes it unlawful "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce**, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs** through a pattern of racketeering activity or collection of unlawful debt." <u>See</u> 18 U.S.C. § 1962(c) (emphasis added). Thus, besides alleging the existence of the enterprise, the plaintiff must also set forth the relationship each individual defendant has with that enterprise. <u>See</u> <u>University of Md. v. Peat, Marwick, Main & Co.</u>, 996 F.2d 1534 (3rd Cir. 1993)(stating that a "nexus must exist between the person and the conduct in the affairs of the enterprise").


<u>The "Operation or Management" Test under *Reves v. Ernst & Young*</u>

Though neither party cites <u>Reves v. Ernst & Young</u>, 507 U.S. 170 (1993), the Court finds this case and its progeny dispositive here. In <u>Reves</u>, the Supreme Court was tasked with

clarifying what Congress meant with the phrase highlighted above. Id. at 177. The Court found that the term "conduct" indicates "some degree of direction." Id. at 178. Additionally, the Court read the word "participate" to mean "to take part in." Id. Read together, the Supreme Court held that the phrase in question *requires* that the RICO defendant have at least "some part in directing the enterprise's affairs." Id. at 179; see also United States v. Oreto, 37 F.3d 739 (1st Cir. 1994). Thus, to survive a motion to dismiss, a RICO plaintiff must plead sufficient facts to allow for a plausible inference that that the defendant somehow "le[d], [ran], manag[ed], or direct[ed]" the enterprise's affairs. Reves, 507 U.S. at 177. The Supreme Court tempered this requirement by rejecting the proposition (advanced by the lower appeals court) that a plaintiff must show that the defendant had "significant control" over the enterprise. Id. at n. 4.

We add finer grain to our analysis by observing that, under Reves, a defendant is not liable if he or she merely aided or abetted the enterprise's affairs. Id. at 178. Thus, it makes no difference that the defendant rendered assistance to the enterprise through his or her "words, acts, encouragement, support, or presence." Id.

The Court finds the complaint fails to plead sufficient facts to allow a plausible inference that a nexus existed

CIVIL NO. 11-1709 (JAG)                                                    7

between Equity's acts and the enterprise's affairs. To start with, the complaint never alleges that Equity did anything more than refer Plaintiff's business to some financiers (here, co-defendants). An enterprise under RICO, in the course of its dealings, may sometimes cross paths with other legitimate businesses. However, this event does not automatically place the burden of RICO liability on the shoulders of those legitimate businesses. That is why Reves requires plaintiffs to show that those entities somehow "le[d], [ran], manag[ed], or direct[ed]" the enterprise. Equity's referral of Plaintiff's business to the other defendants, without more, does not allow the Court to infer that Equity somehow directed the fraudulent scheme perpetrated upon Plaintiff. See MyFreeMedicine.com, LLC v. Alpine Investors, 739 F.Supp.2d 8 (D.Me. 2010) (holding that co-defendant's alleged participation in an enterprise for billing and transmitting invoices for commissions to the plaintiff was not sufficient to find liability under § 1962(c)).

It is certainly telling that the complaint does not properly allege Equity participated in, benefited from, or let alone even *knew* of, the alleged fraud scheme.[1] The allegations with respect to Equity are circumscribed to the referral of business Equity made to the other defendants. Taking all

---

[1] The complaint does proffer some unsupported allegations in this regard. However, given their conclusory and threadbare nature, the Court will not afford these the presumption of truth.

inferences in favor of Plaintiff, Equity's action -at most-could be characterized as "aiding or abetting" the enterprise. As explained above, however, this is not enough to impose liability under RICO. <u>Reves</u>, 507 U.S. at 178.

In <u>Libertad v. Welch</u>, 854 F. Supp. 19 (D.P.R. 1993), this court held along these lines. That case involved four defendants; according to the plaintiffs, the defendants transported demonstrators to and from a protest site, using funds from another defendant's school, directing the protests and demonstrations and participating in such demonstrations. The court concluded that "[a]t most, the actions of these four defendants may be characterized as "aiding and abetting", a term which encompasses 'all assistance rendered by words, acts, encouragement support, or presence,' but which falls short of actionable participation in the direction of the alleged enterprise." <u>Libertad</u>, 854 F. Supp. at 30 n. 11. The same is true here.


## CONCLUSION

In light of the above, it is clear that Equity's conduct does not fall within the sphere of liability outlined by the "operations or management" test in <u>Reves</u>. Consequently, Plaintiff has failed to state a RICO claim, as a matter of law,

**CIVIL NO.** 11-1709 (JAG)                                                    9

against Equity. For the reasons stated above, Defendant's motion

for dismissal is hereby **GRANTED.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of September, 2012.

<u>S/ Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge